UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| In re | ) | Case No. **13-32146-rld13** |
| **Mark Alan Denney** | ) | |
| **Deborah Candace Urban Denney** | ) | [ONLY FOR CHAPTER 13 CASES] |
| | ) | DEBTOR'S ATTORNEY'S DISCLOSURE |
| | ) | OF COMPENSATION AND ANY |
| | ) | EMPLOYMENT AGREEMENT, AND |
| | ) | APPLICATION FOR COMPENSATION, |
| Debtor(s) | ) | UNDER 11 USC §329 AND FRBP 2016(b) |

Debtor's attorney discloses compensation paid or to be paid in the above referenced case. Debtor and debtor's attorney have agreed to attorney compensation, and ☒ have ☐ have not entered into an employment agreement. **A copy of the attorney fee agreement, if any, is attached hereto.**

The applicable schedule for the fee agreement between debtor and debtor's attorney is indicated below . If Schedule 1 or Schedule 2 is selected, debtor(s), acting by and through the undersigned counsel, apply to the court for an order authorizing the compensation specialized therein.

☐ **SCHEDULE 1: :** The total fee request is $__ ($4,750 maximum). This amount represents all fees for the entire life of the case except for appeals or any adversary proceeding. Debtor has agreed to pay fees of $__ ($4,750 maximum) and expenses of $__ for a total of __

☐Debtor ☐ (specify) __ has paid $__,  leaving $__ to be paid through the plan.

☒ **SCHEDULE 2:** Regarding all services rendered through confirmation of the plan plus the initial audit of claims, debtor and debtor's attorney have agreed upon:
    ☐(a)    ☐(a)    a flat fee (i.e., requiring no itemization) of $___ ($3,450 maximum). Debtor and debtor's attorney have agreed that post-confirmation services (after the initial audit of claims) will be charged as specified in the attached agreement, or, if there is no written agreement, as follows:

    ☒(b)    an estimated total fee of $ **6,500.00**  and expenses of $ **0.00** . Time records be kept for all work performed both "pre" and "post" petition. Such records may be requested by the court at any time, and must show the time and rate applied to each service rendered. If the estimated fee is $3,450, an itemized statement showing the time and hourly rate applied to each service rendered must be filed with the court not less than one week prior to the final confirmation hearing.

☒Debtor ☐ (specify)____ has paid $ **1,000.00** , leaving $ **5,500.00** to be paid through the plan.

    Debtor and debtor's attorney have agreed that post-confirmation services (after the initial audit of claims) will be charged as specified in the attached agreement or, if there is no written agreement, as follows:

☐ **SCHEDULE 3:** [COMPLETE ONLY IF CURRENT ATTORNEY WAS RETAINED AFTER CONFIRMATION OF A PLAN.] Debtor and debtor's attorney have agreed to the fee arrangements as follows:

☐Debtor ☐ (specify) __ has paid $__,  leaving $__ to be paid through the plan.

[If the services specified in a previously submitted Schedule 1 or Schedule 2 (through confirmation and the initial audit of claims) were not completed] The debtor, the debtor's former attorney, and the debtor's current attorney have agreed to the following with respect to the former attorney's fees and will apply for any necessary court order for approval:

**IMPORTANT**:

1.  No additional compensation requests will be granted if SCHEDULE 1 is selected, or after a final application is filed if SCHEDULE 2 or SCHEDULE 3 is selected.

2.  Supplemental applications for compensation: (a) may only be filed if SCHEDULE 2 or SCHEDULE 3 is selected; (b) will not

Software Copyright (c) 1996-2012CCH INCORPORATED - www.bestcase.com                                            Best Case Bankruptcy

Case 14-37053-pcm13    Doc 16    Filed 05/03/13

be considered unless the application is clearly marked as a final compensation application, or unless the supplemental compensation requested is more than $500 and at least 6 months have expired since the filing of the case or since the filing of any earlier application; and (c) must be filed using LBF #1307, including an itemization of all services previously performed for which no previous itemization and application has been filed.

I certify there is no agreement to share compensation with any other person, except with a regular member, partner, or associate of my attorney firm, except as follows (provide details): **N/A** .

I further certify that on _____ a copy of this document was served on the debtor(s) and trustee.

DATED: _____

/s/ Christopher N. Coyle, for
Ann K. Chapman
_____
**Ann K. Chapman 83283**
Debtor's Attorney

Software Copyright (c) 1996-2012CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

# BANKRUPTCY REFORM ACT 2005

# HOURLY

## VANDEN BOS & CHAPMAN, LLP
## FEE AGREEMENT

**PLEASE NOTE. VANDEN BOS & CHAPMAN, LLP DOES NOT OFFER A "FLAT FEE" OPTION. ALL SERVICES ARE BILLED ON AN HOURLY BASIS. YOUR ACTUAL FEE MAY BE MORE THAN ANTICIPATED DUE TO THE FACTS OF YOUR CASE AS THE CASE DEVELOPS.**

CLIENT: *Mark A. Denney and Deborah C. Urban Denney*

ATTORNEY: VANDEN BOS & CHAPMAN, LLP

**PREFACE**: This fee agreement consists of three parts. Part One contains the terms and conditions which apply universally to all clients in all cases. Part Two contains additional terms and conditions which apply to Chapter 7 clients only. Part Three contains additional terms and conditions which apply to Chapter 13 clients only.

1.  **PART ONE - APPLIES TO ALL CLIENTS AND ALL CASES**

    1.1  **HOURLY RATES.** Client agrees to pay for services rendered on an hourly basis as follows:

| | |
|---|---|
| Robert J Vanden Bos (partner) | $380.00/hr |
| Ann K. Chapman (partner) | $360.00/hr |
| Douglas R. Ricks (associate) | $280.00/hr |
| Christopher N. Coyle (associate) | $250.00/hr |
| Certified Bankruptcy Assistants | $175.00/hr |
| Legal Assistants | $130.00/hr |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of law and may increase from time to time. It is the policy of the Attorney to utilize legal assistants as much as possible in order to minimize the overall cost of the legal representation to the Client. Client acknowledges and consents to the use of legal assistants to work on the Client's file. The Attorney rates are set in consideration of and in anticipation of being compensated for the time spent by the legal assistants at the billing rates shown above. If for any reason Attorney is not permitted to charge Client for legal assistant time at the rates stated above, the billing rates for Attorneys stated above shall be increased by $1 for each $2 reduction of the rate for legal assistants, which adjusted rates shall apply to all Attorney's time incurred on Client's behalf.

    1.2  **ATTORNEY'S RESIGNATION SUBJECT TO COURT APPROVAL.** Client acknowledges that Client may not have the option to proceed without an Attorney, even if Client so desires, unless the Bankruptcy Judge permits resignation of the Attorney. The Bankruptcy Court has ruled that unless the Court permits resignation of the Attorney, the Attorney is required to continue representation and that Attorney shall be reasonably compensated for services rendered and costs incurred.

Case 14-37053-pcm13    Doc 16    Filed 05/03/13

1.3 **MINIMUM BILLING INCREMENTS**. Attorney charges in minimum billing increments of six (6) minutes, which Client agrees to pay, including but not limited to the services shown below:

| SERVICE | MINIMUM BILLING INCREMENT |
|---|---|
| Telephone Call | .1 |
| Listen to Voice-Mail | .1 |
| Leave Voice-Mail | .1 |
| Review Email | .1 |
| Reply to Email | .1 |
| Review Correspondence or Notices Relating to Client's Case | .1 |

1.4 **MONTHLY STATEMENTS**. You will be provided with monthly statements.

1.5 **MINIMUM FEE**. Client agrees to pay Attorney a "Minimum Fee" as a condition to Attorney's acceptance of employment. Attorney and Client agree that the Minimum Fee is only their best estimate and that the actual fees may be substantially more depending on a variety of factors, many of which are not within the control of Attorney or Client. Attorney is not limited to the Minimum Fee. The Minimum Fee will be deposited into Attorney's trust account and billed against for fees/costs as they are incurred; when Client signs the Bankruptcy Petition and authorizing Attorney to file the same, the Minimum Fee will be earned on receipt. Attorney and Client acknowledge that the Bankruptcy Court is entitled to review Attorney's fees, including the earned on receipt Minimum Fee, for reasonableness. If the Bankruptcy Court requires a reduction in the amount of the Minimum Fee, Attorney and Client agree that all other terms and conditions of this fee agreement shall continue to apply. Attorney shall have the right to appeal from any decision altering any of the terms of this Agreement.

1.6 **MINIMUM FEE DISCLOSURE**.

**NOTICE**: The Attorney/Client Agreement ("Fee Agreement") executed between Attorney and Client on the date shown above provides for payment by Client to Attorney of a "MINIMUM FEE." As such, the payment of the fee is "EARNED ON RECEIPT." The terms and conditions of the "MINIMUM FEE" are fully explained in the Fee Agreement. The Oregon Rules of Professional Conduct (Rule 1.5) require that the following disclosures be made to Client in connection with an agreement to pay a lawyer a "MINIMUM FEE":

(1) Your "MINIMUM FEE" funds will be deposited into the Attorney's trust account and billed against for fees/costs as they are incurred. Upon Client's signature on the Bankruptcy Petition and authorization of Attorney to file the same, the "MINIMUM FEE" will be earned on receipt. If the funds to be used as the "MINIMUM FEE" are currently on deposit in the

Attorney's trust account, all the funds will be withdrawn from the Attorney's trust account and disbursed to the Attorney when the fee is deemed "EARNED" in accordance with the terms of the Fee Agreement, which will be upon Client's signature on the Bankruptcy Petition and authorization of Attorney to file the same, unless the Attorney agrees in writing to a later date.

(2) Client may discharge the Attorney at any time and in that event, Client may be entitled to a refund of all or part of the MINIMUM FEE if the services for which the MINIMUM FEE was paid are not completed.

**1.7 ACKNOWLEDGMENT OF MINIMUM FEE. Attorney and Client have discussed the Minimum Fee in the case. Client acknowledges that Client has been informed that the total fees in the case will likely exceed the amount of the Minimum Fee. Client acknowledges that Client has had the opportunity to confer with other counsel before the signing of this Agreement and is satisfied that the Minimum Fee as projected by Attorney is within the reasonable range of fees likely to be incurred in the case. Client acknowledges and understands the Minimum Fee Disclosure.**

_____
Client Initials

_____
Client Initials

**1.8 ADDITIONAL COMPENSATION.** Attorney will not seek additional compensation from Client unless Attorney's charges for services, when calculated at the standard hourly rates, plus costs incurred, exceed the Minimum Fee.

**1.9 DISCLOSURE.** Attorney and Client agree that the existence of this Agreement shall be adequately disclosed to the Court and other interested parties.

**1.10 REIMBURSEMENT FOR ATTORNEY'S COSTS.** In addition to the foregoing hourly rates, Client agrees to be responsible for payment of all costs incurred in representing the Client. Examples of such costs include filing fees, court reporter fees, long distance telephone, photocopies (whether made in the Attorney's office or an outside printing service), etc. The Attorney's "Expense Policy Statement" is attached as Exhibit "A." Client has been informed and acknowledges that Attorney has no responsibility to hire outside professionals such as appraisers, accountants, bookkeepers, expert witnesses, etc., unless those costs are paid in advance by the Client to the Attorney.

**1.11 TRAVEL TIME.** The current policy of the Bankruptcy Court of Oregon is to limit Attorney's charges for travel time to one half of Attorney's standard hourly rates. A recent Court decision has indicated that attorneys are entitled to be compensated for travel time at their full standard hourly rates. Client and Attorney agree that to the extent permitted by law, Attorney shall be compensated for travel time reasonably required by Client's case at Attorney's full standard hourly rates. The Attorney shall have the option to appeal from any order disallowing compensation for travel time at Attorney's standard hourly rates. Attorney will not charge Client for the time spent appealing from any decision limiting the Attorney's compensation for travel time to one half of Attorney's standard hourly rates.

1.12 **CLIENT'S DUTY TO COOPERATE.** Client agrees to cooperate with Attorney to complete all forms requested by the Attorney and to provide the Attorney with all information necessary to enable the Attorney to represent the Client's best interests. If Client unreasonably declines to cooperate, or should knowingly provide the Attorney with false or fraudulent information or testify untruthfully in any matter before the Court, the Client agrees that Attorney shall have the right to immediately resign.

1.13 **BREACH OF AGREEMENT--ATTORNEY FEES FOR PREVAILING PARTY.** If permitted by law, should either party find it necessary to take steps to enforce this Agreement, the costs of doing so, including reasonable Attorney's fees, before trial, at trial and/or on appeal, as determined by the Court, will be borne by the losing party. Client agrees that any time reasonably expended by Attorney to collect Attorney's fees under this Agreement, including time expended in presenting fee applications, defending Attorney's rights under this Agreement, including enforcement of rates, liens or amounts or applications of retainers, shall be deemed time rendered on behalf of the Client and compensable on the terms and conditions hereunder, it being Client's intention to compensate Attorney at Attorney's regular rates for any time Attorney must expend to enforce this Agreement which was expressly made for the mutual benefit of Client and Attorney.

1.14 **REPRESENTATION LIMITED TO BANKRUPTCY COURT.** Attorney does not agree to represent Client in any action except in the Bankruptcy Court, unless otherwise acknowledged in writing and signed by the Attorney. Specifically, Client and Attorney agree that Attorney does not have any responsibility to file any appeals from adverse decisions rendered against Client in the Bankruptcy Court. Attorney does not agree to represent Client with respect to any action or proceeding pending in any state court or tribunal, whether prior to or after the bankruptcy is filed.

1.14.1 **EXCLUSION FOR LOAN MODIFICATION(S).** Attorney does not agree to represent Client in any mortgage modification program or in negotiation either with Client's mortgage lender directly or through any third party. However, to the extent Client requires consent or releases from the bankruptcy trustee or an order from the Bankruptcy Court for a mortgage loan modification agreement, Attorney agrees to represent client in obtaining such consent, releases, or orders in connection with Client's bankruptcy case. At Client's written request, Attorney will sign an authorization form if required by Lender to allow Client's mortgage lender to contact Client directly to discuss mortgage loan modifications.

1.15 **PAYMENT OF ATTORNEY'S FEES AT CLOSING OF SALE OF REAL ESTATE.** If Client sells real property, Client agrees, to the extent not prohibited by law, to pay, to the extent funds are available from the proceeds of the sale of the real property, the entire unpaid balance owing to Attorney for Attorney's services rendered under this Agreement. Client shall provide the escrow closing officer with irrevocable escrow instructions to pay Attorney's fees at closing. Client agrees that Attorney may provide the escrow officer with a copy of this Agreement, which shall serve as Client's irrevocable escrow instruction to pay the Attorney all Attorney's fees which may be owed to the Attorney at the time of sale from the proceeds of the sale of Client's interest in any real property.

1.16 **DUTY TO DISCLOSE BANKRUPTCY TO BROKER AND BUYERS.** Client acknowledges that Client must inform Client's real estate agent or broker of Client's bankruptcy prior to executing any listing agreement. Client acknowledges that Client is to instruct the real estate agent to include language in any earnest money agreement to the effect that: "The sale of Client's real estate is subject to approval of the Bankruptcy Court

handling Client's bankruptcy after notice to Client's creditors" or substantially similar language to indicate that third-party approval will be necessary to complete the sale. Client shall promptly notify Attorney of Client's intention to sell real estate so Attorney can provide Client with additional and more detailed instructions concerning the Court's requirements and procedures with respect to selling real property.

      1.17  **SHORT SALE OF REAL PROPERTY.** Client acknowledges that Client has been informed that the Bankruptcy Court will not enter an order authorizing a "short sale" of Client's real property. Client acknowledges that Client has also been informed that the Bankruptcy Court has instructed the attorneys of the local bankruptcy bar not to file motions seeking court approval of a short sale of real property and have further indicated that the Bankruptcy Court will disallow any attorney's fees incurred by the debtor's attorney in connection with the disfavored motion for approval of a "short sale" of real property. Client therefore acknowledges that Client will not request Attorney to seek a short sale of real property and that "short sales" of real property are outside the scope of this attorney-client relationship.

      1.18  **RETENTION OF ATTORNEY'S LIEN.** Notwithstanding any language in this Agreement, Attorney shall have and expressly reserves all statutory and common law liens applicable with respect to payment and collection of Attorney's fees.

      1.19  **MEANS TEST ANALYSIS.** The Bankruptcy Reform Act requires all prospective individual debtors to undergo a written financial analysis known as the "Means Test." If Client fails to "pass" the means test, Client is not eligible to file Chapter 7 but must file Chapter 13. Client agrees to provide all information and documents required by the Bankruptcy Reform Act to enable Attorney to complete the Means Test.

      1.20  **CONSUMER CREDIT COUNSELING.** The Bankruptcy Reform Act requires all prospective individual debtors to obtain consumer credit counseling from a credit counseling agency approved by the United States Trustee as a condition of eligibility for filing a bankruptcy petition. Upon completion of counseling, the prospective bankruptcy debtor will be issued a Certificate of Completion by the credit counseling agency. The Certificate of Completion must be filed with the Bankruptcy Court as part of your bankruptcy petition. Attorneys are not permitted under the Bankruptcy Reform Act to provide such counseling. Attorney will provide Client with instructions on how to obtain such counseling. Counseling is available on the Internet or by telephone. Attorney recommends that Client complete such counseling at the time of Client's initial appointment with Attorney. Attorney will make a computer terminal or telephone available to Client within Attorney's offices for completion of the Credit Counseling requirement. The cost of such counseling is not included within this Agreement but must be paid by the Client directly to the provider of such counseling services or paid to Attorney to transmit to such provider.

      1.21  **DEBTOR EDUCATION.** The Bankruptcy Reform Act requires all individual debtors to undergo a Debtor Education course after the bankruptcy has been filed as a condition to receiving a bankruptcy discharge. Attorneys are not permitted under the Bankruptcy Reform Act to provide clients with such education, which is to be provided by an agency approved by the Office of the United States Trustee. Debtor Education is available on the Internet. Attorney recommends that Client complete the Debtor Education program at the time of the 341(a) hearing either by internet at the Attorney's office, or by attending programs expected to be made available at the time of the 341(a) hearing by the Chapter 13 Trustee. The cost of such Debtor Education is not included within this Agreement but must be paid by the Client directly to the provider of the

education services or paid to Attorney to transmit to such provider.

      **1.22  MINIMUM FEE.**  If required by Attorney as indicated by Client's and Attorney's initials in Part Two or Part Three below, Client agrees to pay a "Minimum Fee" in advance of Attorney's acceptance of Client's case and as a condition to Attorney's acceptance of Client's case. Based on a variety of factors and confidential discussions between Attorney and Client subject to an attorney-client privilege, Attorney and Client agree that the "Minimum Fee" for Client's case shall be as set forth In Part Two or Part Three of this Agreement. Client acknowledges and agrees that the Minimum Fee will be deposited into Attorney's trust account and billed against for fees/costs as they are incurred; when Client signs the Bankruptcy Petition and authorizes Attorney to file the same, the Minimum Fee will be earned on receipt. Some of the factors in a general sense which Attorney and Client considered in establishing the Minimum Fee included the following:

| | |
|---|---|
| 1.22.1 | The size of the case in terms of assets, liabilities; number of creditors; |
| 1.22.2 | The type of the debt: secured, priority and unsecured; |
| 1.22.3 | The existence of disputes or litigation, both pre or postpetition; |
| 1.22.4 | The sophistication or lack thereof of the Client; |
| 1.22.5 | The condition of the Client's books and records; |
| 1.22.6 | The possibility of postpetition adversary proceedings, contested matters or litigation in which Attorney will have the obligation to represent Client - Attorney and Client give great weight to this factor; |
| 1.22.7 | The inability of Attorney to resign without Court approval; |
| 1.22.8 | The complexity of the Client's affairs; |
| 1.22.9 | The existence or nonexistence of prior bankruptcy filings by the Client; |
| 1.22.10 | The possibility of challenges to confirmation of Client's plan. |
| 1.22.11 | The possibility of challenges to debtor's discharge or motions to dismiss Debtors case; |
| 1.22.12 | The risk of nonpayment associated with the risk that the plan will not be confirmed, or if confirmed, that Debtor will be unable to perform the plan; and |
| 1.22.13 | The delay in payment on the earned Attorney's fees, which may be as long as the life of the Plan and the loss for time value of money associated with delayed payment without interest. |

_____
Client Initials

_____
Client Initials

1.23 **THE ATTORNEY DOES NOT UNDERTAKE TO GIVE THE CLIENT TAX ADVICE. CLIENT AGREES TO CONSULT ITS OWN ACCOUNTANT OR COMPETENT TAX COUNSEL, WITH RESPECT TO ALL TAX ISSUES.**

2. **PART TWO - APPLIES TO CHAPTER 7 CLIENTS ONLY**

2.1 <u>Scope of Representation</u>. Client retains Attorney to perform the following services:

    2.1.1 Preparing and filing Client's petition for relief under Chapter 7 of the Bankruptcy Code;

    2.1.2 Analysis of Client's eligibility for Chapter 7 under the "Means Test" as mandated by the Bankruptcy Reform Act;

    2.1.3 Legal advice respecting the bankruptcy filing; and

    2.1.4 Preparation of Client's schedules.

    2.1.5 Appearance with Client at 341(a) hearing;

    2.1.6 Reaffirmation Agreements;

    2.1.7 Schedule amendments (the fee for amendments concerning less than five creditors is $75.00 inclusive of court filing fee of $30.00, otherwise done hourly);

    2.1.8 Motions in state or bankruptcy court to avoid or discharge judgments from the record;

    2.1.9 Attendance at continued hearings and/or time expended in assisting Client in responding to written questionnaires or document request(s) from any trustee;

    2.1.10 Litigation (including conferences or negotiations with litigants or their attorneys) in the Bankruptcy Court such as:

        2.1.10.1 Motions for Relief from stay;
        2.1.10.2 Lawsuits (complaints) to challenge discharge or dischargeability of specific debts; and
        2.1.10.3 Motions or complaints to disallow claimed exemptions.
        2.1.10.4 Motions to dismiss for alleged "abuse" of the provisions of the Bankruptcy Code.

    2.1.11 Assistance in buying or redeeming property from Trustee or a secured creditor, selling property or requesting the Trustee to abandon property.

2.2 **WHEN CHAPTER 7 FEES ARE DUE.** Payment is due as follows:

    $ <u>306.00</u>        Court Fee Prior to preparation of the schedules and filing of the case for the filing fee;

Case 14-37053-pcm13    Doc 16    Filed 05/03/13

$ <u>Minimum Fee</u>      (In the amount stated below) Earned on Receipt upon Client's signature on the Bankruptcy Petition and authorization of Attorney to file the same - payable before the filing of the case; and

$ <u>Balance</u>      Any amount which may become owed above the Minimum Fee shall be paid by Client to Attorney on receipt of Attorney's monthly statements.

2.3    **DUE DATES FOR BILLING STATEMENTS.** All unpaid Attorney's fees are due and payable on receipt of the billing statement, unless otherwise indicated. Attorney shall have the option to assess a late payment penalty of 1% (one percent) per month for any fees which are not paid within thirty (30) days of the mailing of a statement to the Client. Client agrees that a late payment penalty of (1%) on percent per month is a reasonable charge if Client fails to pay fees when due.

2.4    **MINIMUM FEE FOR CHAPTER 7.** Client agrees to pay a Minimum Fee of $_____ in connection with Client's Chapter 7 case

_____  _____    _____
Client Initials    Client Initials      Attorney Initials

If no number is inserted in the above blank, the Minimum Fee for Client's Chapter 7 case shall be **$3,500**.

2.5    **REAFFIRMATION AGREEMENTS.** Attorney shall have no obligation to sign any reaffirmation agreement on Client's behalf. If Client desires to enter into a reaffirmation agreement in order to retain secured property, Attorney will assist Client in preparing the reaffirmation worksheet required by the Bankruptcy Court. Attorney recommends Client complete the reaffirmation worksheet without Attorney's assistance in order to conserve expenses, since Attorney estimates that the cost of Attorney's time for completing the reaffirmation worksheet will be at least $215 per worksheet. Attorney's attendance at reaffirmation hearings is not included within this Agreement. Unless otherwise directed by the Client, Attorney will not appear with Client at reaffirmation hearings. The reaffirmation hearings are likely to take an extended amount of time due to the large number of participants at the hearings. The hearing generally does not require a lawyer's expertise. Attorney may consider signing a reaffirmation agreement on behalf of Client if the loan to value ratio with respect to the collateral involved is not more than 70% (90% for a personal residence) and Client's documented income and expense budget can accommodate the intended monthly reaffirmation payment and a 20% contingency reserve for emergencies in the budgeted expenses as shown in Client's Schedule J.

_____               _____
Client Initials                Client Initials

3.    **PART THREE - APPLIES TO CHAPTER 13 CLIENTS ONLY**

3.1    <u>Scope of Representation</u>. Client retains Attorney to perform such services as are reasonably necessary or requested by Client to prepare and file Client's petition for relief under Chapter 13 of the Bankruptcy Code; to provide legal advice respecting the bankruptcy filing, including pre-filing preparations and planning; to prepare schedules and initial plan and any amended plans; to appear with Client at any 341(a) hearing, to

appear with Client at any confirmation hearing and to prepare any wage order and confirmation order. Client also retains Attorney to represent Client with respect to any contested matters or adversary proceedings that may arise in Client's Chapter 13 case, including but not limited to:

    3.1.1  Objections to Confirmation;

    3.1.2  Schedule amendments;

    3.1.3  Amend Plan filed pre-confirmation;

    3.1.4  Amend Plan filed post-confirmation;

    3.1.5  Wage Orders;

    3.1.6  Motions in state or Bankruptcy Court to avoid or discharge judgments from the record;

    3.1.7  To defend Client's interest in extraordinary litigation (including conferences or negotiations with litigants or their attorneys) in the Bankruptcy Court such as:

        3.1.7.1    Motions for relief from stay.

        3.1.7.2    Lawsuits (complaints) to challenge discharge or dischargeability of specific debts.

        3.1.7.3    Motions to Dismiss.

    3.1.8  Defend or Prosecute Avoidance Actions.

    3.1.9  Assist in the sale or refinance of real property or obtain Court approval to sell or refinance real property.

3.2    **WHEN CHAPTER 13 FEES ARE DUE.** Payment is due as follows:

$ <u>281.00</u>        Court Fee prior to preparation of the schedules and filing of the case for the filing fee;

$ <u>Minimum Fee</u>        (In the amount stated below) Earned on Receipt upon Client's signature on the Bankruptcy Petition and authorization of Attorney to file the same payable before the filing of the case; and

$ <u>Balance</u>        Any amount which may become owed above the Minimum Fee shall be paid through the Plan from the payments made by the Client to the Chapter 13 trustee. If the case is dismissed or funds paid to the trustee are not enough to satisfy the plan, the Client will be personally responsible for any unpaid balance of Attorney's fees. All court-approved Attorney's fees must be paid in full before the Court will issue Client a discharge.

3.3   **DISMISSAL OF CASE**. In the event the case is dismissed, the balance of unpaid fees is immediately due and payable, including any fees which had been earned but not yet approved by the Bankruptcy Court. Upon dismissal, Attorney shall have and Client acknowledges that Attorney may and can exercise, any and all lien rights available to Attorney under any applicable law. Client acknowledges and will not contest that an Attorney's lien arises under applicable Oregon statutes when the Attorney's fees have not been paid and attaches to the following: (1) any undisbursed funds in the hands of the Chapter 13 Trustee; (2) any of Client's funds in Attorney's possession; (3) any funds on deposit with any escrow company or other third-party representing proceeds from the sale of any property where the Attorney was requested by Client to obtain Bankruptcy Court approval of such sale; and (4) any real or personal property in the process of being sold by Client at Client's request and Attorney had rendered services to assist in the sale of such property.

3.4   **APPLICATION OF RETAINER**. Attorney, in its sole and absolute discretion, may apply all or part of the Minimum Fee paid by Debtor for application to payment of services Attorney may render in connection with any future conversion of Client's case to a case under Chapter 7 of the Bankruptcy Code and to payment of services rendered to Client in connection with such Chapter 7 case including, but not limited to, adversary proceedings, if any, brought to contest dischargeability of a particular debt or seeking to deny entry of discharge. Attorney and Client agree that Attorney may make such allocation at any time, and may reallocate any funds previously allocated to Chapter 13 charges to Chapter 7 charges upon a conversion of debtor's case from Chapter 13 to Chapter 7. Any allocation of Client's funds paid towards Attorney's time between Chapter 7 and Chapter 13 shall be at Attorney's sole, complete and arbitrary discretion.

3.5   **DUE DATES FOR BILLING STATEMENTS BEFORE CHAPTER 13 IS FILED**. All fees are due on receipt of the statement. Attorney shall have the option to assess a late payment penalty of 1% (one percent) per month for any fees which are not paid within thirty (30) days of dismissal of the case or the mailing of a statement to the Client. Client agrees to pay all fees upon receipt of Attorney's billing statement. Client agrees that a late payment penalty of (1%) one percent per month is a reasonable charge if Client fails to pay fees within thirty (30) days of mailing of a billing statement to Client.

3.6   **DUE DATES FOR BILLING STATEMENTS DURING CHAPTER 13**. Attorney's statements during the Chapter 13 are subject to Court approval. Client and Attorney have entered into this Agreement on the good faith belief that Attorney's fee will be paid by the Chapter 13 Trustee from the Client's Plan payment. Alternatively, if permitted by the Court, Client will agree to make a fixed monthly payment to the Attorney outside the Plan in an amount approved by the Court.

3.7   **DUE DATES FOR BILLING STATEMENTS AFTER CHAPTER 13 IS DISMISSED**. Upon dismissal of Client's Chapter 13, all unpaid Attorney's fees, including fees which may not have been submitted to the Bankruptcy Court for approval, are immediately due and payable. After Client's case is dismissed, all fees are due on receipt of the statement. Attorney shall have the option to assess a late payment penalty of 1% (one percent) per month for any fees which are not paid within thirty (30) days of the mailing of a statement to the Client. Client agrees to pay all fees upon receipt of Attorney's billing statement. Client agrees that a late payment penalty of (1%) one percent per month is a reasonable charge if Client fails to pay fees within thirty (30) days of mailing of a billing statement to Client.

3.8    **MINIMUM FEE FOR CHAPTER 13.**   Client agrees to pay a Minimum Fee of $ 1281 _____ in connection with Client's Chapter 13 case.

_____    _____              _____
Client Initials    Client Initials              Attorney Initials

If no number is inserted in the above blank, the Minimum Fee for Client's Chapter13 case shall be Seven Thousand, Five Hundred Dollars (**$7,500**).

3.9    **RESIGNATION BY ATTORNEY.**  Client agrees that this Agreement shall terminate and Attorney shall be authorized to resign from Client's representation if the Bankruptcy Court should rule that Client cannot, as a matter of law, either through the Plan or outside the Plan, make periodic payments on a monthly basis during the life of Client's Chapter 13 Plan to compensate Attorney for Attorney's time expended on behalf of Client.   Client agrees that Attorney has undertaken Client's representation based on Attorney's good faith interpretation of the Bankruptcy Reform Act to permit Client to pay Attorney's fees in periodic payments through Client's Plan or in periodic payments outside the Plan as part of Client's "other reasonable and necessary expenses."  In

reliance on that interpretation, Attorney has not required Client to pay in advance all of Attorney's projected fees for the life of the case.

Dated: _____

**ATTORNEY:**                          **CLIENT:**

By: _____           By: _____

                                       By: _____

# EXHIBIT "A"

## Attorney's
## Expense Policy Statement

| | |
|---|---|
| Photocopies: | .15 per page (in house) |
| Fax: | Incoming No Charge; outgoing (including long distance) at actual telephone charges. |
| Outside Services: | All outside entity bills are charged at actual cost. |
| Postage: | Postage, express mail and other overnight delivery or air courier services are charged at actual cost. |
| Long Distance: | Long distance telephone charges are billed to Clients at actual cost. |
| Computerized Research: | Actual (*i.e.*, invoiced) cost or, for leased or flat rate computer research services, $2.00 per minute not to exceed one-half of the lease cost or flat rate. Time associated with computerized research to be specifically identified on attorney time detail. |
| Travel: | Travel expenses are actual and Air fare is coach or economy class only. Other expenses are actual and do not include limos. Mileage is charged at the rate of allowed for federal tax deductions (currently 55¢ per mile). |
| Other Personnel Charges: | Secretarial overtime is charged to Clients at $30.00 per hour if the overtime work is due to time constraints mandated by the case or the Client, not to exceed the employee's actual hourly compensation cost to the firm. |
| Pacer: | Actual cost (8¢ per page). |
| Other: | Any charges not mentioned above will be charged in accordance with the applicable U.S. Bankruptcy Court Cost Guidelines contained in Bankruptcy Rule 2016. |